UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SANKOFA BEY SEKOU,

                            Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK POLICE COMMISSIONER RAYMOND KELLY, in his individual and official capacity; MAYOR MICHAEL BLOOMBERG, in his individual and official capacity; NEW YORK CITY POLICE OFFICER RICHARD PIMENTEL, in his individual capacity; NEW YORK CITY POLICE OFFICER FRED BARRAZA OR HIS ESTATE; LT. THOMAS PASSOLO, in his individual capacity; NEW YORK CITY POLICE OFFICER THOMAS PFEIFFER, in his individual capacity; NEW YORK CITY POLICE OFFICER ANDREW SEELEY, in his individual capacity; NEW YORK CITY POLICE OFFICER DAVID SAPONIERI, in his individual capacity; NEW YORK CITY POLICE OFFICER CHRISTOPHER THAYER, in his individual capacity; SERGEANT FRANCIS MARGRAF, in his individual capacity; THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER
MIHAI POPA
USED-THINGS STORE CORP.
LUCERO OF USED-THINGS STORE CORP.

                            Defendants.
------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 5833 (BMC/MDG)

       **WHEREAS,** plaintiff commenced this action by filing a complaint on or about November 30, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** on October 20, 2011, defendant, Craigslist, Inc., was dismissed from this action on plaintiff's consent; and

**WHEREAS,** the plaintiff and, the City of New York, Commissioner Raymond Kelly, Mayor Michael Bloomberg, the City of New York Office of the Comptroller, Police Lieutenant Thomas Passolo, Police Sergeant Francis Margraf, the Estate of Fred Barazza and Police Officers – Fred Barazza, Christopher Thayer, Richard Pimentel, Andrew Seeley, David Saponieri and the individuals named herein as "NYC Police Officers John Doe ##1-10" (hereinafter, the "City Defendants"), now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has agreed to settle this matter with the City Defendants on the terms set forth below; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against City Defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant, City of New York hereby agrees to pay plaintiff, SANKOFA BEY SEKOU, the sum of FIVE THOUSAND DOLLARS ($5,000) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of theise sums, plaintiff agrees to the dismissal with prejudice of all the claims against the City Defendants and to release and discharge all City Defendants, their successors and assigns, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to City Defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the City Defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City Defendants, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the plaintiff and the City Defendants hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order

regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       May __, 2012

| | |
|---|---|
| SANKOFA BEY SEKOU<br>110-01 34th Avenue<br>Flushing, NY 11368<br>sankofa669@gmail.com<br><br>*Pro Se Plaintiff*<br><br>By: *All Rights Reserve* [signature]<br>Sankofa Bey Sekou | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for City Defendants*<br>100 Church Street, Rm. 3-154<br>New York, New York 10007<br><br>By: [signature]   July 3, 2012<br>Rudyard W. Ceres<br>*Assistant Corporation Counsel* |
| Dated: Brooklyn, New York<br>May 14, 2012 | SO ORDERED:<br><br>_____<br>HON. BRIAN M. COGAN<br>UNITED STATES DISTRICT JUDGE |