UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

SANKOFA SEKOU BEY,

                        Plaintiff,

                                                ORDER
        - against -
                                        CV 2011-5833 (BMC)(MDG)

CITY OF NEW YORK, et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - -X

     This Order addresses the letter of counsel for defendants, Assistant Corporation Counsel Steven Stavridis, dated January 28, 2013 (ct. doc. 59) informing the Court that plaintiff had provided satisfactory settlement documents and withdrawing defendants' pending motion to enforce a settlement and compel plaintiff to disclose his Social Security number ("SSN"). See ct. doc. 46. Defendants also request that the Court find that the time for defendants to pay the agreed-upon settlement monies to plaintiff be calculated from the date of plaintiff's submission.

## DISCUSSION

     By letter filed on May 4, 2012 (ct. doc. 34), counsel for defendants advised that the parties had reached an agreement in principle to settle the action and that defendants would promptly send plaintiff settlement documents for execution. See Letter to the Court from ACC Rudyard Ceres (ct. doc. 35). However, defendants required that plaintiffs provide his Social Security Number ("SSN") and sign an Affidavit of Liens as part of the settlement documents. See Defs.' First Mot. to Compel (ct. doc. 42). Because plaintiff

declined to do so, see Pl.'s Letters to the Court dated Aug. 2, 2012 (ct. doc. 40), Aug. 21, 2012 (ct. doc. 43), Sept. 17, 2012 (ct. docs. 45, 50) and Sept. 24, 2012 (ct. docs. 47, 51, 52), this Court held multiple conferences to discuss plaintiff's refusal to produce the information. See Minute Entries dated May 29, 2012, Aug. 20, 2012, Aug. 30, 2012 and Nov. 19, 2012. After defendants made their first motion to compel on August 19, 2012 (ct. doc. 42), this Court directed plaintiff on August 30, 2012 to provide his SSN, execute and return the Affidavit of Liens. Although plaintiff agreed to do so on the record, he again refused to provide his SSN, triggering a second and pending motion to compel by defendants. See Defs.' Second Mot. to Compel (ct. doc. 46).

As this Court noted at the conference in August, defendants are obligated by Medicare reporting laws to collect plaintiff's SSN and submit it to the query system established by the Centers for Medicare & Medicaid Services ("CMS"). See Defs.' Mot. to Compel, at 1. Section 111 of the Medicare & Medicaid SCHIP Extension Act of 2007, 42 U.S.C. § 1395y, mandates that payers such as defendants collect SSNs from plaintiffs such as Mr. Sekou to whom they will pay a settlement or judgment pursuant to a personal injury action. Id. Payers must then submit the payee's SSN to the CMS query system in order for CMS to ascertain whether the payee received Medicare benefits for which CMS should be compensated with the settlement or judgment monies. See Medical Care Recovery Act, 42 U.S.C. § 2651. Defendants could be liable for the amount of Medicare benefits

received plus $1,000.00 per day if they fail to report the required information and plaintiff had received pertinent Medicare benefits. See 42 C.F.R. § 411.24(i)(1).

Disclosure of a plaintiff's information such as an SSN or Medicare identification number enables a defendant to access the CMS query system, which is "necessary for the defendant to comply with its statutory duty to report the identity of a claimant who is entitled to Medicare benefits." Torres v. Hirsch Park, LLC, 91 A.D.2d 942, 943, 938 N.Y.S.2d 145, 146 (2d Dep't 2012). Thus, under the Medicare reporting laws, plaintiff "will be required to provide the requested information eventually." Seger v. Tank Connection, LLC, 2010 WL 1665253, at *6 (D. Neb. Apr. 22, 2010) (ordering plaintiff to produce his Medicare Claim Number or Social Security number). The "[c]ollection of the [plaintiffs'] SSNs for the purpose of coordinating benefits with Medicare is a required, legitimate and necessary use of the SSN under federal law," Smith v. Sound Breeze of Groton Condo. Assoc., Inc., 2011 WL 803067, at *2 (Conn. Super. Feb. 3, 2011), even where a plaintiff has a reasonable argument that he would not qualify for such benefits. Hackley v. Garofano, 2010 WL 3025597, at *1 (Conn. Super. July 1, 2010) (noting that the only injured plaintiff "is just sixteen years old and obviously not Medicare eligible . . . ").

In consideration of the serious consequences that may potentially attach to insufficient information submitted by defendants to CMS, defendants have refrained from processing the

settlement agreed upon by the parties until they received plaintiff's SSN. This Court agrees that defendants risked being found in violation of Medicare reporting laws had they processed the settlement before submitting plaintiff's SSN to the CMS query system.[1]

Accordingly, this Court finds that the defendants properly required plaintiff in the Stipulation of Settlement to "execute and deliver to City Defendants' attorney all documents necessary to effect this settlement, including . . . a General Release . . . and an Affidavit of Liens." See Stip. of Sttmt. ¶ 3. In initially failing to include his SSN on the Affidavit of Liens, plaintiff failed to fulfill his obligations under the Stipulation of Settlement and return fully executed settlement documents.

---

[1] The Court notes that CMS has suggested that there may be a safe harbor for primary payers who are unable to find out a plaintiff's SSN despite good faith efforts. See "Transcript: Town Hall Teleconference: Section 111 of the Medicare, Medicaid & SCHIP Extension Act of 2007, 42 U.S.C. 1395y(b)(8)," May 14, 2009, at 61-63; "Transcript: Town Hall Teleconference: Section 111 of the Medicare, Medicaid & SCHIP Extension Act of 2007, 42 U.S.C. 1395y(b)(8)," Oct. 22, 2009, at 55-57; "Reporting Do's and Don'ts," Centers for Medicare & Medicard Services, available at http://www.cms.gov/Medicare/Coordination-of-Benefits/MandatoryInsRep/reporting_dos_and_donts.html; "Alert: Compliance Guidance Regarding Obtaining Individual HICNs and/or SSNs for Group Health Plan (GHP) Reporting Under 42 U.S.C. 1395y(b)(7)," Centers for Medicare & Medicaid Services, available at http://www.cms.gov/Medicare/ Coordination-of-Benefits/MandatoryInsRep/Downloads/ALERTGuidanceForHICNsSSns.pdf. Before plaintiff finally provided his SSN, defendants clearly made good faith attempts to obtain the number and may very well have qualified under such a safe harbor.

Defendants also request that the Court deem the date that plaintiff mailed the fully executed documents to defendants the start of the 90 day period for payment of the settlement monies specified in N.Y. C.P.L.R. § 5003-a(b),[2] a period after which the obligation to pay interest is triggered if payment is not timely made. N.Y. C.P.L.R. § 5003-a(e). The Second Circuit has not yet ruled on the applicability of § 5003-a to settlements of federal claims. However, as this Court explained in Brown v. City of New York, 2012 WL 628496 (E.D.N.Y. 2012), adopted 2012 WL 626395, disputes over the settlement of federal claims are "quintessentially . . . of contractual interpretation and performance and wholly governed by state law." Id. at *2 (quoting Bryant v. Emigrant Mortg. Co., Inc., 2011 WL 3876978, *6 (E.D.N.Y. Aug. 31, 2011)). Thus, this Court found that the 90 day period of § 5003-a applies to settlement of claims brought against the City of New York under 42 U.S.C. § 1983. Id. See also Dixon v. City of New York, 2002 WL 31466762 (S.D.N.Y. Nov. 1, 2002) (same); contrast Nicaj v. City of New York, 2009 WL 513941 (S.D.N.Y. Feb. 26, 2009) (declining to apply § 5003-a); Green v. City of New York, 2000 U.S. Dist. LEXIS 11691 (S.D.N.Y. Aug. 16, 2000), adopted 97 Civ. 8191, ct. doc. 48 (same).

---

[2] The pertinent provision of this states:

> Where an action to recover damages has been settled and the settling defendant is a municipality . . . it shall pay all sums due to the settling plaintiff within ninety days of tender, by the settling defendant to it, of duly executed release and a stipulation discontinuing the action executed on behalf of the settling plaintiff.

In analyzing the application of § 5003-a, New York courts have deemed a plaintiff's tendered documents "defective [when] they did not provide for release of the plaintiff's Medicare lien." Liss v. Brigham Park Coop. Apts. Sec. No. 3, 264 A.D.2d 717, 718, 694 N.Y.S.2d 742, 742-43 (2d Dept. 1999); see also White v. New York City Hous. Auth., 16 Misc.3d 598, 600, 842 N.Y.S.2d 685, 687 (N.Y. Sup. 2007) (plaintiff "must provide for release of [any] lien or the release is defective"). Similarly, New York courts have regularly withheld interest otherwise due on late settlement payments where a plaintiff "never tendered to [defendant] a duly executed release." Ribacoff v. Chubb Group of Ins. Cos., 2 A.D.3d 153, 155, 770 N.Y.S.2d 1, 3 (2d Dept. 2003).

Therefore the Court agrees with defendants that the § 5003-a time for payment of the settlement monies should be calculated from the date when defendants received from plaintiff fully executed settlement documents, including a complete Affidavit of Liens. See Brown, 2012 WL 628496, at *5 (period commenced from date of receipt of settlement papers by defendants). Although plaintiff had signed a General Release and Stipulation of Settlement in May 2012, plaintiff did not provide the necessary information in the Affidavit of Liens and prevented defendants from processing the settlement. The plaintiff delivered properly executed settlement documents only when he provided the required complete information on the Affidavit of Liens, as described in defendants' letter to the court dated January 28, 2013.

CONCLUSION

For the foregoing reasons, defendants' [46] Motion to Compel and Enforce is deemed withdrawn at defendants' request. As explained above, the Court finds that the 90 day period under N.Y. C.P.L.R. § 5003-a for payment of settlement monies is calculated from the date that plaintiff executed and return the satisfactory settlement papers as discussed in defendants' [59] Letter to the Court.

Defendants are directed to file immediately a copy of the executed Stipulation of Settlement and Dismissal on the docket sheet.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 5, 2013

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE